| | |
|---|---|
| DISTRICT COURT, COUNTY OF ADAMS, STATE OF COLORADO<br><br>1100 Judicial Center Drive<br>Brighton, CO 80601 | DATE FILED: July 14, 2023 9:53 AM<br>FILING ID: CFE974BFAFDFB<br>CASE NUMBER: 2023CV30998 |
| **Plaintiff:**<br><br>   RAQUEL TRUJILLO<br><br>**v.**<br><br>**Defendant:**<br><br>   WALMART, INC., a Foreign Corporation d/b/a<br>      WALMART SUPERCENTER STORE #2752 | ▲ COURT USE ONLY ▲<br><br>Case No. _____<br><br>Division: _____ |
| *Attorneys for Plaintiff:*<br>Geoffrey S. Gulinson, #19351<br>Geoffrey S. Gulinson & Associates, P.C.<br>4155 East Jewell Avenue, Suite 402<br>Denver, Colorado 80222<br>Phone: (303) 753-0037<br>Fax: (303) 753-4599<br>geoff@gsgcolorado.com | |
| **COMPLAINT** | |

Plaintiff Raquel Trujillo, by and through her undersigned attorneys, Geoffrey S. Gulinson & Associates, P.C., and for her Complaint against Defendant Walmart, Inc., a foreign corporation d/b/a Walmart Supercenter Store #2752, states and alleges as follows:

## VENUE

1. Pursuant to Rule 98(c)(1) and (5), venue is proper in the District Court of Adams County, Colorado because the injury occurred in Commerce City, County of Adams.

## PARTIES AND GENERAL ALLEGATIONS

2. Plaintiff Raquel Trujillo resides at 6140 E. 63rd Place, Apt. 403 in Commerce City, Colorado 80022.

Exhibit A

3. Defendant Walmart, Inc. is a foreign corporation d/b/a Walmart Supercenter Store #2752 which does business in the County of Adams, State of Colorado. Defendant's registered agent, CT Corporation System, is located at 7700 E. Arapahoe Road, Suite 220 in Centennial, Colorado 80112.

4. Defendant Walmart, Inc. is the owner of the Walmart Supercenter store #2752 located at 5990 Dahlia Street in Commerce City, Colorado, where Plaintiff fell and was injured.

## FACTUAL STATEMENT

5. Plaintiff Trujillo hereby affirms, alleges, and incorporates the allegations contained in the above paragraphs as though set forth fully herein.

6. On or about July 30, 2021, Plaintiff was a business "invitee" of Defendant's Walmart Supercenter store located at 5990 Dahlia Street in Commerce City, Colorado.

7. Plaintiff exited a bus and was walking toward the front walkway leading up to the front entrance of the Walmart Supercenter store. As she was approaching the walkway, she slipped and fell in standing slimey water that had accumulated, injuring her neck and causing a large hematoma bruise on her left thigh.

## FIRST CLAIM FOR RELIEF
*(Premises Liability Against Defendant - C.R.S. § 13-21-115)*

8. Plaintiff hereby affirms, alleges, and incorporates each and every allegation cited above, as though fully set forth herein.

9. At the time of Plaintiff's incident, Defendant was a "landowner" within the meaning of C.R.S. § 13-21-115(1).

10. At the time of the incident, Plaintiff was an "invitee" of Defendant which on information and belief had common-law and contractual duties to Plaintiff, either directly or indirectly, as a third-party beneficiary between Defendant to allow Plaintiff to enter and transact through a safe and non-hazardous premises.

11. It was Defendant's express representation that the public, including Plaintiff, was requested, expected, or intended to enter or remain on Defendant Walmart's premises.

12. Defendant, through its employees, knew or should have known that the area by the walkway where Plaintiff fell regularly accumulated water when it rained which would stand and become slippery and slimey.

13. Defendant owed Plaintiff the duty of abating this hazardous condition by preventing the water to stand.

14. At the time of Plaintiff's injury, Defendant, as a statutory or actual "landowner," was legally responsible for the condition of the store premises, as well as for the activities conducted or circumstances existing in the store premises within the meaning of C.R.S. § 13-21-115(1), and Plaintiff was an "invitee" of Defendants as she was a person who entered or remained in the subject store, within the meaning of C.R.S. § 13-21-115(c).

15. Defendants are directly or imputably liable to Plaintiff for injuries, damages, and losses sustained by Plaintiff and caused by Defendant for the unreasonable failure to exercise reasonable care to protect against the hazardous condition which was known or should have been known pursuant to C.R.S. § 13-21-115(3).

16. Defendants failed to warn individuals, including Plaintiff, of the hazardous condition of the accumulated water by the walkway which leads up to the front entrance of Defendant Walmart.

17. Defendant had or should have had actual knowledge of the hazardous condition and failed to take appropriate abatement measures to protect invitees from the known hazardous condition.

18. Defendant, through its employees, failed to use reasonable care to protect Plaintiff against the hazardous condition which existed by the walkway, and this failure was the cause of Plaintiff's injuries, damages, or losses.

19. As a direct and proximate result or substantial factor of Defendant's actions and/or omissions, Plaintiff injured her neck and caused a large hematoma bruise on her left thigh, as well as pain and suffering, emotional distress as a result of the subject incident, and other injuries which will be more particularly described at trial.

20. Defendant, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries as described above, is liable for its actions and inactions for economic damages, including medical expenses, and for non-economic damages, including, but not limited to, loss of enjoyment of life, pain and suffering, emotional distress as a result of the subject incident, and physical impairment, all in amounts to be proven at trial.

21. Due to the injuries sustained in the subject incident, Plaintiff has treated with medical providers and has complied with medical treatment.

22. As a further direct and proximate result or substantial factor of Defendant's negligence as indicated in the paragraphs above, Plaintiff has suffered loss of enjoyment of life and impairment of the quality of life.

23. As a further direct and proximate result or substantial factor of Defendant's negligence as indicated in the paragraphs above, Plaintiff believes that she has suffered permanent impairment.

24. Plaintiff, at all times relevant hereto, was not liable for comparative or contributory negligence and she has reasonably mitigated her damages.

25. As a direct and proximate result of the negligent acts of Defendant herein, Plaintiff has suffered various injuries, damages, and losses including:

    a. Economic damages, past and future, including but not limited to, medical expenses, household expenses, and other expenses;

    b. Non-economic damages, including but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and anxiety.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. Compensation for economic losses, both past and future;

b. Compensation for non-economic losses for pain and suffering, inconvenience, emotional distress, loss of enjoyment of life, and anxiety, both past and future;

c. Compensation for other expenses sustained or incurred;

d. Attorneys' fees as provided by law;

e. Pre- and post-judgment interest as provided by law;

f. Costs, including expert witness fees, as provided by law; and

g. Such further relief as the Court deems just and proper.

DATED: July 10, 2023

**GEOFFREY S. GULINSON & ASSOCIATES, P.C.**

*A duly signed original on file at the office of Geoffrey S. Gulinson and Associates, P.C.*

*s/ Geoffrey S. Gulinson*
Geoffrey S. Gulinson, #19351
Attorneys for Plaintiff

Plaintiff's Address:
6140 E. 63rd Place, Apt. 403
Commerce City, CO 80022